FILED
CLERK
10/18/2019 3:08 pm
For Online Publication Only
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

    JUSTICE STEWART,
    *dba* C&D Entertainment,

                    Debtor,
-------------------------------------------------------------------X

**ORDER**
19-mc-1467 (JMA)

**AZRACK, United States District Judge:**

Pro se appellant Justice Stewart filed this motion for leave to file an interlocutory appeal, which seeks to appeal a May 24, 2019 order issued by United States Bankruptcy Judge Alan S. Trust. Judge Trust's order denied Stewart's motion to have his case transferred to a different judge who participates in the Bankruptcy Court's Loss Mitigation Program.

Section 158 of Title 28 of the United States Code provides: "The district courts of the United States shall have jurisdiction to hear appeals . . . with leave of the court, from interlocutory orders and decrees, of bankruptcy judges . . . ." 28 U.S.C. § 158(a)(3).

Neither 28 U.S.C. § 158 nor the Bankruptcy Rules provide guidance as to when a district court should exercise its discretion to hear an interlocutory appeal from a bankruptcy court. In re Futter Lumber Corp., 473 B.R. 20, 26 (E.D.N.Y. 2012). In determining whether to hear an interlocutory appeal from a bankruptcy court, district courts in this Circuit have looked to the standards that courts apply when deciding requests to certify an interlocutory appeal from a district court decision under 28 U.S.C. § 1292(b). Id. (quoting In re Cutter, No. 05-CV-5527, 2006 WL 2482674, at *3 (E.D.N.Y. Aug. 29, 2006) for the proposition that "most district courts in the Second Circuit have applied the analogous standard for certifying an interlocutory appeal from a district court order, set forth in 28 U.S.C. § 1292(b)"); see also Traversa v. Educ. Credit Mgmt. Corp., 386 B.R. 386, 388 (Bankr. D. Conn. 2008) ("In determining whether to grant leave to appeal

1

an interlocutory order from the bankruptcy court, the Court will apply the standard set forth in 28 U.S.C. § 1292(b), which is the standard used by the court of appeals to determine whether to entertain interlocutory appeals from the district court.").

Under § 1292(b), a district court may certify an interlocutory appeal when the order in question "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b). As in the § 1292(b) context, "courts dealing with the issue of interlocutory appeals in bankruptcy cases have consistently held that '[o]nly when 'exceptional' circumstances exist will a court entertain appeal of an interlocutory order.'" In re Johns–Manville Corp., 47 B.R. 957, 960 (S.D.N.Y. 1985) (quoting In re D.H. Overmyer, No. 83-CV-394, slip op. (S.D.N.Y. Jan. 20, 1983)). "[T]o allow appeals of preliminary, non-final orders in bankruptcy cases 'would contravene the well-established judicial policy of discouraging interlocutory appeals and avoiding the delay and disruption which results from such piecemeal litigation.'" Id. (quoting In re Casco Bay Lines, 8 B.R. 784, 786 (Bankr. 1st Cir. 1981)).

Here, Stewart's motion does not raise controlling questions of law as to which there are substantial grounds for difference of opinion, nor would resolution of the issues raised in his motion potentially terminate the litigation. Additionally, there are no exceptional circumstances here that warrant entertaining an interlocutory appeal. Finally, as the Chapter 13 Trustee notes in her opposition papers, the fact that Judge Trust does not participate in the Loss Mitigation Program does not prevent Stewart from negotiating with secured creditors or applying for a loan modification.

Accordingly, Stewart's motion for leave to file an interlocutory appeal is denied. The Clerk of Court is to directed to close this case and to mail a copy of this Order to Stewart.

**SO ORDERED.**

Dated:  October 18, 2019
       Central Islip, New York

/s/ (JMA)
Joan M. Azrack
United States District Judge